

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                                              24-CR-6096-EAW

MAALIQUE MILORD

    Defendant.

# PLEA AGREEMENT

The defendant, MAALIQUE MILORD, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, the defendant knowingly possessed a firearm;

Second, at the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

Third, at the time the defendant possessed the firearm, the defendant knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; and

Fourth, that the possession of the firearm was in or affecting commerce.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On September 5, 2023, in the City of Rochester, New York, in the Western District of New York, the defendant, **MAALIQUE MILORD**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess, in and affecting commerce, a firearm, namely one Mossberg, O.F. and Sons 12-gauge shotgun bearing serial number MV0966731.

    b.    At approximately 1:37 a.m., on September 5, 2023, Rochester Police officers on patrol observed a grey Ford SUV (later found to be a rental vehicle rented by defendant MILORD) traveling without required headlights or taillights. MILORD was the driver of the vehicle and sole occupant. Officers began to follow the vehicle and activated emergency lights to initiate a traffic stop. MILORD ignored the emergency lights and attempted to flee in the vehicle. The vehicle eventually came to a stop when it crashed into a tree. MILORD exited the vehicle and was eventually arrested by officers in the area. When officers searched the interior of the SUV, they located between the front passenger seat and front passenger door the Mossberg, O.F. and Sons 12-gauge shotgun bearing serial number MV0966731 loaded with 6 rounds of 12-gauge shotgun ammunition. They found five additional 12-gauge shotgun rounds in the center cupholder next to MILORD's cellular telephone.

    c.    The defendant admits that he knowingly possessed the shotgun.

    d.    The defendant admits that at the time he possessed the shotgun referenced above in ¶¶ 4(a) and 4(b), he had been, and knew he had been previously convicted on or about July 10, 2018, in Monroe County Court, New York of Burglary in the 2nd degree: Illegal entry- Dwelling for which he was sentenced to 5 years imprisonment and 5 years post release supervision.

    e.    No government authority had restored the rights of the defendant to lawfully possess a firearm.

    f.    The Mossberg, O.F. and Sons 12-gauge shotgun bearing serial number MV0966731 was not manufactured in New York State. Therefore, its presence in Rochester, New York, on September 5, 2023, demonstrates that this firearm previously crossed a state line, and therefore affected interstate commerce.

## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2K2.1(a)(1)(6) applies to the offense of conviction and provides for a base offense level of 14.

## ACCEPTANCE OF RESPONSIBILITY

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12.

## CRIMINAL HISTORY CATEGORY

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

9.  It is the understanding of the government and the defendant that, with a total offense level of 12 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of **21 to 27 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a sentence of imprisonment of 21 months** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

11. The defendant understands that, except as set forth in paragraph 10 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

5

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

14. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution or a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16. At sentencing, the government will move to dismiss Criminal Complaint 23-MJ-4125 pending against the defendant.

17.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  APPEAL RIGHTS

18.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **21 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **21 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

21. The defendant disclaims any ownership interest in the firearm listed below. However, as a condition of his plea of guilty, the defendant agrees not to contest the forfeiture or disposition of the firearm seized by law enforcement pursuant to this investigation. That property includes:

    a.    one Mossberg, O.F. and Sons 12-gauge shotgun bearing serial number MV0966731.

22. The defendant agrees not to contest the forfeiture or disposition of the firearm in any proceeding and will not file any petitions or claims with regard to the firearm and will not assist any third parties in the filing of any petitions or claims in any proceeding.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, MAALIQUE MILORD, and the government. There are no promises made by anyone other

than those contained in this agreement ^[and what Mr Rodriguez represented on the record on June 20 2024. (JN)]. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
EVERARDO A. RODRIGUEZ
Assistant United States Attorney

Dated: June 20, 2024

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, JESSICA NACLERIO, Esq. I agree that it represents the total agreement reached between me and the government. No promises ^[and what Mr. Rodriguez represented on the record on June 20 2024.] or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MAALIQUE MILORD
Defendant

_____
JESSICA NACLERIO, ESQ.
Attorney for the Defendant

Dated: June 20, 2024

Dated: June 20, 2024

9